# IN THE UNITED STATES DISTRICT COURT, FOR THE STATE OF FLORIDA

John W Bennett

Jessie L Bennett , for

GCU

**Petitioner,**                    **NO.:** '    3:21-cv-135-TJC-JBT

**ASHLEY STEGEMEYER,**
**CYNTHIA MUNGIN,**
**Respondents,**

## EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

### WITH SUPPORTING MEMORANDUM OF LAW

Petitioner GCU has John W Bennett ,Father ,Jessie L  Bennett mother ,the

parents of the minor Petitioning for the release of his unlawful detaining , The

parents John W Bennett , Jessie L Bennett . Who do here by sue Respondents,

Ashley Stegemeyer who lives and has her principal place of business with  Big

Bend Community Base Care in Panama City FL, Bay County.

Cynthia Mungin lives and works in the therapeutic foster care facility in

Jacksonville FL, Duval county Florida where GCU has been detained against his

will for some time now.

A

1.    This is an action seeking application for a writ of Habeas Corpus

pursuant to 39.407 (4) being committed to psychiatric care without an evidentiary

hearing, qualified physician's exam , or notice to the court or any party to the case ,

also pursuant to Section 394.463, and 394.467 Florida Statue also 61.13001

placing the child over 50 miles from home , and not giving the child any time to be

heard by the court on the matter prior to the involuntary placement 300 miles away

from his family. The habeas Corpus does apply through Article 1, Section 13 of the

Constitution of the State of Florida; Chapter 79, Florida Statutes;  Section 916.107,

Florida Statutes; 39.407(4), and Juvenile rule of procedures  8.355 and 8.350 Rule

1.630 , Florida Rules of Civil Procedure 42 USC 405(g)

B

2.    The District Court has jurisdiction of this matter pursuant to Article V, Section 3 (b)5,9, of the Florida Constitution; 29(b)Rule of probate procedure 5.100 , Section 79.01, Florida Statutes;   Florida Rules of Juvenile Procedure 8.257(h) , 9.146 , Florida Statue 39.402 394.459(8)(b), Florida Statutes; Section 916.107, Florida Statutes;  and Rule 1.630, Florida Rules of Civil Procedure.

3.    It is believed that Respondents had GCU seized at a foster home in WASHINGTON County by caseworker Ashley Stegemeyer  , which transported violating AOSC20-15  State of Emergency orders to limit travel , and not having the essential hearing necessary  . Moving GCU to the Respondents' facility in DUVAL county where he is currently being forced psychotropic medication . While being illegally detained against his will. When the mother, Jessie Bennett found out that he was taken 300 miles away she filed an objection and emergency return of child pursuant to Juvenile Procedure rule 8.350 which states:

4.    Rule 8.350 - Placement of Child into Residential Treatment Center after

5.    Adjudication of Dependency**(a) Placement.(1) Treatment Center Defined.**

6.     Any reference in this rule to a residential treatment center is to a residential

7.    treatment center or facility licensed under section 394.875, Florida Statutes,

8.      for residential mental health treatment. Any reference to hospital is

9.      to a hospital licensed under chapter 395, Florida Statutes, for residential

10.     I am in  mental health treatment. This rule does not apply to394.463 or

11.     394.46 placement under sections 7, Florida Statutes.**(2) Basis for Placement.**

12.     .The placement of any child who has been adjudicated dependent for

13.     residential  mental health treatment shall be as provided by law.

14.     **(3) Assessment by Qualified Evaluator.** Whenever the department believes

15.     that a child in its legal custody may require placement in a residential

16.     treatment center or hospital, the department shall arrange to have the child

17.     assessed by a qualified evaluator as provided by law and shall file notice

8.      of    this with the court and all parties. Upon the filing of this notice by t

9.      department, the court shall appoint a guardian ad litem for the child, if one

0.      has not already been appointed, and shall also appoint an attorney for the

1.      child. All appointments pursuant to this rule shall conform to the provisions

2.      of rule 8.231. Both the guardian ad litem and attorney shall meet the child

3.      and shall have the opportunity to discuss the child's suitability for residentia

4.      l treatment with the qualified evaluator conducting the assessment. U    the

5.      completion of the evaluator's written assessment, the department s

6.      provide a copy to the court and to all parties. The guardian ad litem shall also

7.      provide a written report to the court and to all parties indicating the guardians

8.  ad litem's recommendation as to the child's placement in residential treatment

9.      and the child's wishes.


30.    Stegemeyer violated FLORIDA supreme court Administrative orders

moving the minor during a state of emergency and 39.407(4) of FLORIDA statue

also 394.463 , 61.13001. Violating GCU's liberty rights again and again. He

doesn't even get a voice in court most hearings his presence is waved. The last

hearing GCU was present and was given an opportunity to speak, he stated he

wanted to go home to his mother, "Please let me go home to my mom!" stated he "

please I would do anything". Violating his right to be heard and opportunity to

speak with parents and legal guardian. Then Ashley Stegemeyer and Thomas

Dunkle forced the minor child GCU physicotrophic drugs . The Drugs the minor's

being forced to take , has dangerous side effects like slowed breathing, seizures,

depression, nightmares. Stegemeyer was fully aware that the mother did not

consent to the meds but ordered Cynthia Mungin to administer the drugs to the

child anyway without any idea what effects that It would have on the child, if the child had any allergies, a child with no known disabilities, or reports of qualified physician stating the need. Without consent_of the court or any other party GCU stated he did not want to take the medication, it gave him horrible nightmares he could not wake up from.

31.    The court being prejudice did nothing to correct the deprivation of rights in this case.

32.    It is believed that Respondents have also used or intend to use the authority and power of the Sheriff of DUVAL County or the Sheriff of Bay County and the juvenile court system, in carrying out their intentional wrongful confinement and detention of Petitioner, GCU against his will. Upon arrival at the facility he was told to give up his phone, no longer  to speak with family, denied Visitation . Violating Provisions of the Baker act and the child's liberty rights.

C

33.    The use of a Petition for Writ of Habeas Corpus to secure the release of a mental health patient such as Petitioner GCU. The petitioning parents  John W

Bennett ,Jessie L Bennett  is specifically authorized by Florida law, Section

916.107(a), Florida Statutes.

    34.    Petitioner's detention is unlawful and contrary to the Constitution ,
laws of the State of FLORIDA

Florida and the Constitution of the United States, as further set forth below.

**(c)** When the parents are the natural guardians the Department of children and

Families was ordered custody of a child or is the custodian of a patient whose

physician is unwilling to state the medication is detrimental to the child . a

medicine , including  treatment,  based solely on the patient's consent and whose

guardian or guardia's advocate who''s location is unknown , the court shall hold a

hearing to determine the medical necessity of the psychotropic medication or

medical procedure. The patient shall be physically present, unless the patient's

medical condition precludes such presence, represented by counsel, and provided

the right and opportunity to be confronted with, and to cross-examine, all witnesses

alleging the medical necessity of such procedure. In such proceedings, bare the

burden of proof by clear and convincing evidence shall be on the party alleging the

medical necessity of the procedure.

35.    Petitionersa JOHN W BENNETT, JESSIE L BENNETT is the parents and natural guardians of there minor child GCU of age 9 . GCU has no known disabilities to my knowledge. Or the knowledge of DCF CPI Rebekah Meherg according to her reports. Or Waller Elementary staff ,where GCU attended school for over two years and was wrongfully removed from on 01/03/2018. Nor did the qualified phisician that administered the intake exam. No known disabilities.

36.    Documentation will show that while in the care and Custody of the mother and father the child was healthy , also an A,B honor roll student , the minor was jo 0yt Participating in Little League playing for hi the Southport Braves staff at Waller elementary stated GCU was polite well groomed developmentally on target and played well with the other children his age no known disabilities . GCU had just completed a physical for little league , healthy and was under the care of a dentist for a cavity . GCU was current on all of his shots. Jessie Bennett the mother nor the father John W Bennett the petitioners parents has not been proven unfit by the court and the Petitioner' GCU has the inalienable right to freedom and liberty.  Amendments IV, V and XIV, Constitution of the United States;  Article 1 Sections 2, 9,10  12, and 23, Constitution of the state of Florida.

State of Florida.

D

37.    The facts on which Petitioner relies are as follows:

38.    The 14thCircuit court showing prejudices depriving the Petitionerss / parents there FUNDIMENTAL rights.   John W Bennett Jr., Jessie L Bennett for there minor child GCU who has suffered from physical abuse while in the care and custody of the department and sexual abuse while in the therapeutic facility . Where he is being held through a series of unlawful acts listed below.

a)unlawful detaining of GCU  Violating Admin.Code 65c29.003c(2017)

Also the falsification of the UCCJEA wwith personal knowledge

Ght of drugs was 0.0Submitting the false document to the court through the e-filing portal.

Jeremy Head searching and arresting with no warrant or permission by property owner Eugene Zazucki  and he was present at that time.

Then claiming drugs was found, a completely false statement . The weight of drugs was 0.0.

C) Dexter D JOHNSON  filing a police report claiming that he arrested and booked the mother in jail at 5:30pm.serving the writ from case # 084040DR. FACT is Mr. Head served the writ and made the arrest at 9:49am 7 hours prior. The above stated acts ,procuring a minor and parents detention through fraud.

39.    the mother Jessie L Bennett or father John W Bennett has never been proven unfit , with no allegations of abuse of any kind. The mother was coerced Basically forced into consent under extreme duress after giving care and custody,and durable power of attourney to John W Bennett prior to 03/16/2018 .

40.    01/03/2018 The department wrongfully removed the child from school without warrant . Ignoring the preexisting safetyplan  of care and custody contract and  emergency  contacts/  immediate  available  caregivers.   Then Falsifying the UCCJEA a sworn notarized affidavit and submitting the affidavit as evidence of abandonment  and  jurisdiction  pursuant  to  61.501.  alianating  the  father  W Bennett . Submitting the document through the efiling portal with the emergency shelter petition to a General magistrate . Who by Rule Of Juvenile Procedure and 39.597 florida statue. Is not to preside over a emergency shelter hearing. That the

Magistrait lacks jurisdiction to make orders sheltering a child. With no notice given

violating 29b Rules of Probate and procedure , no notice to anyone  of probate or

shelter proceedings , also not serving a copy of the petition or giving the opportunity

to object to a magistrate or be heard in the matter. No service from the court or clerk

remanding the child to licensed foster care with no facts.  Refusing visitation and

communication until the mother signed consent.

41.    While in the care and Custody of the department Denzell D Scott, foster

parent that worked at NWF Life Management Center where the mother and child

were forced into supervised visitation,  Mr. Scott abused the child physically leaving

extensive bruising across his back, butt, and legs, two felony child abuse charges on

2/5/2019. (case#03201900584CFMA)

Ashley Stegemeyer moved the minor and gave instructions to      .42

administer the medication to the therapeutic facility. Done in avoidance of proper

procedure. This was done for the purpose of avoiding a evidentuary hearing before

a judge, A right Petitioner had pursuant to the Baker Act, and for the purpose of

providing unnecessary and undesired treatment to  GCU  whose insurance would

pay for it. Concealing the minor from his parents and endangering the minors life

daily through forced objected to medication and moving the child during a state of emergency violating Administrative Supreme Court Order admitting the child in a theraputic group home where another child that is having serious issues sexually abused GCU and is still being housed there.

43.    Petitioner's minor child GCU poses no threat of harm to himself or others as shows.

44.    A writ of habeas corpus is sought discharging Petitioner's son GCU from the custody of Respondents .

45.    The undersigned , the Pro-Se Petitioners ask unto the court protect there interest and there  constitutional rights in this matter.

46.    Sworn affidavits in support of this Petition are attached in Exhibits "1" and "2" as required by Section 79.01, Florida Statutes.  Additional information is contained in Exhibits "3" and "4."

## <u>MEMORANDUM OF LAW</u>

The right to a writ of habeas corpus is guaranteed by Article I, Section 13, of the

Constitution of the State of Florida.  It can be issued by any circuit court pursuant to

Article V, Section 5 (b) of the Constitution of the State of Florida.

Issuance off the writ of habeas corpus is mandatory.  Section 79.01, Florida
Statutes, states:

> **79.010  Application and my** any detained in
> custody, whether charged with a criminal
> offense or not, applies to . . . any circuit judge
> for a writ of habeas corpus and shows by
> affidavit or evidence probable cause to
> believe that he or she is detained without
> lawful authority, the . . . judge to whom such
> application is made <u>shall</u> grant the writ
> forthwith, against the person in whose
> custody the applicant is detained and
> returnable immediately before any of the . . .
> judges as the writ directs.
> (Emphasis added.)

The use of a petition for writ of habeas corpus to secure the release from the theriputic foster care facility where GCU is confined against his will pursuant to the Baker Act, such as Petitioner's son GCU, is specifically authorized by Florida law, Sections 394.459(a) & 916.107(a), Florida Statutes.  See also, State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207 reh. den. 156 So. 261 (1933);  Porter v. Porter, 60 Fla. 407, 53 So. 546 (1910).

Section 394.459(8), Florida Statutes, part of the Baker Act, states:

### (8)  HABEAS CORPUS.--

(a)     At any time, and without notice, a person held in a receiving or treatment facility, or therapeutic facility a relative, friend, guardian, guardian advocate, representative, or attorney, or the department, on behalf of such person, may petition for a writ of habeas corpus to question the cause and legality of such detention and request that the court order a return to the writ in accordance with chapter 79.  Each patient

held in a facility shall receive a written notice of the right to petition for a writ of habeas corpus.

(b)    At any time, and without notice, a person who is a patient in a receiving or treatment therapeutic   facility. A relative, friend,    guardian,    guardian    advocate, representative, or attorney, or the department, on behalf of such person, may file a petition in the court in the county where the patient is being held , alleging that the patient is being unjustly denied a right or privilege granted herein or that a procedure authorized herein is being abused.  Upon the filing of such a petition, the court shall have the authority to conduct a judicial inquiry and to issue any order needed to correct an abuse of the authority and provisions of this part.

(c)    The    administrator    of    any receiving therapeutic or treatment facility receiving a petition under this subsection shall file the petition with the clerk of the court on the next court working day.

(d)    No fee shall be charged for the filing of a petition under this subsection.

The writ of habeas corpus is so important in connection with constitutional liberty that a motion to dismiss it or quash it is not permitted.  See <u>Crooms v. Schad</u>, 51 Fla. 168, 40 So. 497 (1906).  As Trawick states:

> . . . The respondent cannot move to quash the order or to dismiss the petition. This is the only civil proceeding in which the legal sufficiency of a pleading cannot be directly attacked or in which the parties are not limited to the issues raised in the pleadings.

Trawick, Fla. Prac. & Proc., Sect. 36-6 (2003).

Writs of habeas corpus do not require a petition that states a cause of action. Trawick, Fla. Prac. & Proc. Forms, Sect. 4-208.6 (2004).   <u>See also,</u> <u>Langston v. Lundsford</u>, 122 Fla. 813, 165

So. 898 (1936);  <u>Brown v. State</u>, 358 So.2d 16 (Fla. 1978).  Trawick, Fla. Prac. & Proc. Chap 36 (2003).

Any interpretation that supports an abolition of the writ of habeas corpus by Rule 9.100, Florida Rules of Appellate Procedure, or Rule 1.630, Florida Rules of Civil Procedure, and the substitution of an order to show cause or a requirement for a complaint, violates Article I, Section

13, Constitution of the State of Florida, and cannot be used to prevent the issuance of the writ.

See Trawick, Fla. Prac. & Proc., Sect. 36-6, n.12 (2003); Trawick, Fla. Prac. & Proc.

Forms, Sect. 4-208.6 (2004).a

**WHEREFORE**, Petitioner demands a Writ of Habeas Corpus be issued requiring Respondents to deliver up and bring Petitioner's son GCU before this Court so that the legality of her detention can be determined and that Petitioner's son can be discharged from custody. Other parties or organizations who may be involved in or may have been involved in the detention of Petitioner's son or who may be called upon to assist Respondents, should also be noticed with the Writ.

**DONE:**    This ____5_____ day of ____Febuary_____,
2021___. _____

Therapeutic Housing    -    GCU is currently be detained 5402 Bristol BayCT
Jacksonville FL    32244

The minor can be returned immediately to the following

Parents -            John W Bennett ,Jessie L Bennett 2710 Rutgers Dr.  Panama
City,  FL.32405 contact #  850)381-8486 , 850) 252-2669
            Panama            City            FL            32405.
Bennettjessie542@gmail.com
Bennettgage58@gmail.com


Attachments:


    (1)    Uniform Child Custody Jurisdiction and Enforcement Act
    (2)    Affidavit of John W Bennett Jr.
    (3)    Affidavit of Jessie L Bennett
    (4)    Objection to and Revocation, medication and Treatment
    (5)    Notice to Clerk of Court of No Filing Fee In Baker Act Case
    (6)    Proposed Emergency Writ of Habeas Corpus for Court to Issue


    (7)    Separate filing of supporting documents

IN THE UNITED STATES DISTRICT COURT OF THE STATE  FLORIDA

JOHN W Bennett
G.C.U.
Jessie L Bennett

.                    Vs

Cynthia Mungin
Ashley Stegemeyer


.

### Affidavit of The Father John W Bennett JR.


Firsthand knowledge of the facts stated herein.

    1.    My name is John W Bennett Jr. and I reside at 2710 Rutgers Drive, Florida.

    2.    I am married and I live with my wife Jessie L Bennett  We have stable  home at 2710 Rutgers Dr.

3.    On Feb.14 2017 my wife and I attended a CONTEMPT hearing ware there was a writ of bodily attachment ordered. The conclusion of law was made from a finding of fact that was false. The negligence/Fraud of Casey Bigelow in the title 4 proceding . Mr Bigelow set forth the amount owed to be over 2500 dollars.When in fact it was 150. The order made by Judge Christopher Patterson had a order of releaf within the writ. Which was fully complied with 4 months prior to the execution of   writ . That when the writ was wrongfully executed ,over 4000 dollars had been paid. The record showing 11/06/2017 the amount owed was zero,fully complying with the writ actually over paying.

4.    On  01/03/2018 the writ was served by Jeremy Head wrongfully arresting and booking the parents in at 11:12am through a illegal search and seizure .in Mr Heads report he STATES the writ was served . Then goes on making a false statement of drugs being found . The amount of drugs was 0.0 in weight .none

5.    Simultaneously Rebecca Meherg CPI is that Waller Elementary wrongfully removing GCUcare and custody contract an emergency contact of a immediate available caregivers in school records. With no warrant or court order , no immediate Danger , no abuse  abandonment or neglect.violating 65c29.003c (2017) FLORIDA administraitive code a strict guideline set by legislators. Furthermore committing perjury and wire fraud and fraud on the court by submitting a false UCCJEA pursuant 61.501 fl.stat. as evidence of abandonment and jurisdiction through the efiling portal. Excluding John W Bennett and the childs correct address from the document. Official investigation done by DCF  OIG representative Mrs Southall.

6.    Dexter D Johnson files a false police report stating the mother Jessie L Bennett was served,arrested,and booked in at 530pm. A false report proven  by dispatch report  booking sheet,and the treasury department and Mr Head s arrest at  950am 01/03/2018

7.    Sharron Ford or Viola Cushman, receiving the false UCCJEA and changing the law it was filed pursuant , to 63.135 fl.stat.on the docket, making it an INSTANT Dependancy  matter ,when it was not. Making use of a false document.

8.    Anne Garcia the magistrait Judge that presided over the emergency shelter proceeding. When by Rule of Juvenile Procedure 8.257(h) states that magistrate judge is not to over see shelter hearing pursuant to 39.402 where no one is given service of  petition no one has the opportunity to consent or object no one given Opportunity to attend the hearing. Failure to serve a copy of the petition and give notice by the court and clerk. Furthermore allowing over 90 days for the disposition of dependancy when the law clearly states there shall be no more than 30 days from the filing of. The petition should elapse before a disposition of Dependancy. Is obtained. Al the before said acts of fraud have been reported and voiced in open court and still are being ignored by the judge Brantley Clark . According to the Judicial model  code of conduct states if knowladge is gained at any time by the judge and is not addressed. The law violations will deprive the court

9.    Anne Garcia the magistrait Judge that presided over the emergency shelter proceeding. When by Rule of Juvenile Procedure 8.257(h) states that magistrate judge is not to over see shelter hearing pursuant to 39.402 where no one is given service of petition no one has the opportunity to consent or object no one given Opportunity to attend the hearing. Failure to serve a copy of the petition and give notice by the court and clerk. Furthermore allowing over 90 days for the disposition of dependancy when the law clearly states there shall be no more than 30 days from the filing of. The petition should elapse before a disposition of Dependancy. Is obtained. Al before said acts of fraud have been reported and voiced in open court and still are being ignored by the judge Brantley Clark . According to the Judicial model code of conduct states if knowladge is gained at any time by the judge and is not addressed. The law violations will deprive the court of subject matter jurisdiction and all orders will be void . The child removed without warrant, no abuse, no. Neglect, this is KIDNAPPING! Some one please help!

10.    The minor born out of wedlock. By FLORIDA statue When the parents marry . The marriage legitimizes peternity and gives equal rights between the parents. This law is being ignored. The courts claiming another person to be my son's father ,when by FLORIDA law it is contrary.

AND    FURTHER    AFFIANT    SAYS
NAUGHT. _____

_Jessie Bennett_

Signature   Name   (Print):          John  W  Bennett
Jr._John W Bennett Jr_

**NOTARIZATION**

The foregoing was sworn to and subscribed before me, an officer duly authorized in the

State of Florida, to take oaths and acknowledgments, by the person whose name appears above, the same either personally known to me or who produced satisfactory identification as follows : Drivers Licens

_John Bennett_ , and who did take an oath. Done this

_5_ day of _Feb_ , 20_21_ .

VICTORIA SHADRICK
Commission # GG 940637
Expires December 17, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

_V. Shadrick_ Notary Public
Print Name: Victoria Shadrick

(Stamp/Seal)    My Commission Expires: 12/17/2023

## REVOCATION OF CONSENT TO TREATMENT

I, Jessie L Bennett hereby revoke any voluntary consent to dependency, no one was given an opportunity to consent or deny any other health care provider or facility. We hereby deny any theriputic or any other health care treatment for our healthy child and invoke our parental rights to care for the child.

## NOTARIZATION

The foregoing was sworn to and subscribed before me, an officer duly authorized in the

State of Florida, to take oaths and acknowledgments, by the person whose name appears above,

the same either personally known to me or who produced satisfactory identification as follows : Drivers Licue

_____ John Bennett _____, and who did take an oath. Done this

_____ 5 _____ day of _____ Feb _____, 2021___.

VICTORIA SHADRICK
Commission # GG 940637
Expires December 17, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

(Stamp/Seal)

Notary Public V. Shadrick
Print Name: Victoria Shadrick

My Commission Expires: 12/17/2023

- 17 -